**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON, AT SEATTLE**

* * * * *

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE RESILIENT FLOOR COVERING PENSION FUND; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; PAINTERS AND ALLIED TRADES LABOR-MANAGEMENT COOPERATION INITIATIVE; WESTERN WASHINGTON FLOOR COVERING INDUSTRY FUND; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 5,<br><br>Plaintiffs,<br>vs.<br><br>D CIULLA FLOORING LLC, a dissolved Washington limited liability company; DOMINIC JOHN CIULLA dba D CIULLA FLOORING; DOMINIC JOHN CIULLA, an individual; DOES & ROES I-X,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT** |

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

**COMPLAINT**

The Plaintiffs, the Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Resilient Floor Covering Pension Fund, Board of Trustees of the District Council No. 5 Apprenticeship and Training Trust Fund, Board of Trustees of the Finishing Trades Institute, Painters and Allied Trades Labor-Management Cooperation Initiative, Western Washington Floor Covering Industry Fund, and International Union of Painters and Allied Trades District Council No. 5 (collectively "Plaintiffs"), by and through their counsel, Christensen James & Martin and The Urban Law Firm, complain and allege as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Trusts are administered, the signatory labor organization maintains its office, where the relevant acts took place, and where the contractual obligation is to be paid.

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

PARTIES AND GENERAL ALLEGATIONS

5. The Employee Painters' Trust, Resilient Floor Covering Pension Fund, District Council No. 5 Apprenticeship and Training Trust Fund, and Finishing Trades Institute (collectively "Trusts"), are express trusts created pursuant to written declarations of trust ("Trust Agreements") between various unions, including the International Union of Painters and Allied Trades District Council No. 5 and its associated Locals ("Union"), and various employer associations.

6. The Trusts exist to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C. §1002(37), (2) and (3).

7. The Board of Trustees and the individual Trustees of each of the Trusts is a "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trusts and related matters.

8. The Trusts were created and now exist pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are administered in Seattle, Washington.

9. At all times material herein, the Union has been a labor organization representing employees in the construction industry in Western Washington and surrounding areas. The Union represents employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

10. The Painters and Allied Trades Labor-Management Cooperation Initiative ("LMCI") and Western Washington Floorcovering Industry Fund ("FIF") are each an

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

unincorporated association or fund to which the Defendants named herein are required to make monetary contributions pursuant to the terms of the labor agreement, as described below.

11. Defendant D Ciulla Flooring, LLC ("DCF LLC") was and/or is a Washington limited liability company identified by Washington UBI Number 603 298 867. Its business status with the Washington State Secretary of State's records is currently listed as "Administratively Dissolved" as of September 2, 2014.

12. Defendant DCF LLC was and/or is a contractor operating in the State of Washington under Washington State Department of Labor & Industries License No. DCIULCF878NB ("DCF LLC License"). The Washington State Department of Labor & Industries' records state that the DCF LLC License has been relicensed as of August 2, 2015, and state, "Contractor relicensed under another name, structure, or specialty."

13. Defendant Dominic John Ciulla ("Ciulla") was and/or is an individual residing in the State of Washington and is listed under the DCF LLC License as a partner/member of DCF LLC.

14. Defendant Dominic John Ciulla d/b/a D Ciulla Flooring ("DCF DBA") was and/or is a Washington sole proprietorship of Defendant Ciulla, and a contractor operating in the State of Washington under Washington State Department of Labor & Industries License No. DCIULCF850OP ("DCF DBA License").

15. Defendant Ciulla is listed under the DCF DBA License as the sole owner of DCF DBA.

16. Defendants DCF LLC and DCF DBA have been operated as a single enterprise, with common ownership, common management, interrelationship of operations, and centralized control of labor, and are working as a single entity, enterprise, employer and business in fact. Defendants DCF LLC and DCF DBA may be collectively referred to hereinafter as "DCF."

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

17. Defendant Ciulla is the primary manager, officer, director, owner, principal and/or key employee of DCF, whose employment duties required decision making regarding the operations of DCF, procurement and negotiation of contracts, hiring/firing of work force, directing labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll and remitting reports, contributions and payments to the Trust Fund for each hour of covered labor performed.

18. At all times material herein, Defendants DCF LLC, DCF DBA and Ciulla, individually and jointly, are the owner, co-owner, agent, partner, representative, employee and/or alter-ego of each other, or otherwise acting on behalf of each other, and in doing the things herein alleged, were acting within the course and scope of said ownership, agency, partnership or relation, with the permission and consent of each of them, and that each was working as a single entity, employer and business in fact.

19. At all times material herein, DCF has operated as a flooring installation contractor in the State of Washington.

20. On or around December 3, 2018, Ciulla, as agent of DCF, executed that certain Washington Floor Covering Master Labor Agreement between DCF and the Union ("CBA"), wherein DCF agreed to be bound to the terms and provisions of the CBA and each of the Trust Agreements utilized to create the Trusts.

21. The Plaintiffs are intended third-party beneficiaries of the CBA.

22. At all times material herein, DCF has been obligated by the terms of the CBA and Trust Agreements to submit written reports to the Plaintiffs on a timely basis showing the identities of employees performing work covered by the CBA and the number of hours worked by or paid to these employees.



CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

23. At all times material herein, DCF has been obligated by the terms of the CBA and Trust Agreements to properly pay to the Plaintiffs fringe benefit contributions, benefits, dues, and/or withholdings for health, welfare, pension, retirement, vacation, training, and other employee benefits on a monthly basis and at specified rates for each hour worked by or paid to the employees for covered labor performed.

24. At all times material herein, DCF's monthly reports and payment of contributions are due by the fifteenth (15th) day of the month following the month in which the covered labor was performed. Signatory employers are required to submit monthly remittance reports to the Plaintiffs whether or not any covered work was performed during the work month to be reported.

25. Contributions to the Trust Funds and LMCI are required to be remitted by the employer in addition to wages, while vacation fund contributions, market recovery fund contributions and dues are required to be deducted from wages and remitted by the employer.

26. Employer contributions are considered fund assets from the date they are due pursuant to the written terms of the Trust Agreements, whether or not they are actually paid, and must be held in trust by an employer until remitted to the Plaintiffs. Contributions that are deducted from wages, including vacation, market recovery, and union dues, are to be held in constructive trust by an employer. Both employer contributions and wage deductions are components of the employees' compensation and do not belong to the employer. Employers have a fiduciary duty to ensure that both employer contributions and wage deductions are properly and timely delivered to the Plaintiffs.

27. As a result of the report and contribution obligations imposed therein, the Plaintiffs are intended beneficiaries of the CBA.

28. DCF is an "employer" as that term is understood and defined in the CBA and DCF is an "employer" as that term is used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

therefore, DCF is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

29. DCF is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, 29 U.S.C. § 142(1) and (3), and within the meaning and use of Section 301(a) of the LMRA, 209 U.S.C. § 185(a).

30. Based on information and belief, DCF employees, including but not limited to Andrew Ramirez, Jeremy J. Smith, Joseph C. Michaud, and Alan Wood, performed floor covering labor covered by the CBA on one or more projects beginning in December 2018.

31. DCF has not reported or paid contributions to the Trusts for any covered labor performed by its employees.

32. Based on information and belief, DCF failed to pay all wages owed to its employees.

33. Based on information and belief, DCF made deductions from its employees' wages for certain Union dues, market recovery and vacation fund fringe benefit contributions, but failed to submit payment of these amounts deducted to the Plaintiffs.

34. The Plaintiffs are entitled to receive payments from DCF for all covered labor performed by DCF employees, measured by the hours worked by such employees and the contributions that should have been paid had DCF abided by the terms of the CBA and Trust Agreements.

35. Plaintiffs have made numerous written demands to DCF for submission of the missing reports and contributions related to the covered labor performed by DCF's employees.

36. DCF has failed to submit any reports or contributions to the Plaintiffs.

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

37. Based on information and documents from DCF's employees, DCF owes the Plaintiffs $7,921.90 in contributions, $1,117.46 in liquidated damages and $425.35 in interest, subject to the Plaintiffs' audit of DCF's records.

38. The CBA and Trust Agreements expressly give the Trusts the right to review employer records to verify the employer's compliance with the report and payment obligations under the CBA and Trust Agreements.

39. The Plaintiffs are entitled to audit DCF's payroll and related records to determine the amounts owed by DCF and discover any other delinquencies that may be owed to the Plaintiffs. The Plaintiffs are entitled to recover fees and costs of the audit pursuant to the express terms of the CBA and Trust Agreements.

40. Pursuant to the express terms of the Trust Agreements, corporate officers are also personally liable for contributions and related damages owed to the Trust Funds:

> In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which is a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article VI 11. Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

41. Each of the Defendants are in some manner responsible for the actions, acts and omissions herein alleged and the damages caused to the Plaintiffs, and are therefore jointly and severally liable for the damages set forth herein.

42. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-X, inclusive, and Roe Corporations I-X, inclusive, are unknown to the Plaintiffs at this time and are therefore sued by fictitious names.

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

FIRST CAUSE OF ACTION

[Breach of Written Labor Agreement and Related Trust Agreements – DCF]

43. The Plaintiffs herein restate and reallege the above allegations as if fully set forth verbatim.

44. By the terms of the CBA and Trust Agreements, DCF was required to remit reports and fringe benefit contributions, benefits, dues and/or withholdings to the Plaintiffs for each hour of covered labor performed by its employees.

45. DCF is contractually delinquent by failing to properly report covered labor, to remit Reports and to pay fringe benefit contributions, benefits, dues and/or withholdings to the Plaintiffs or other contract damages when due.

46. DCF breached the CBA and related Trust Agreements by failing to timely and properly submit reports and/or fringe benefit contributions, benefits, dues and/or withholdings to the Plaintiffs and/or by failing to pay contract damages as described herein.

47. DCF breached the CBA and Trust Agreements by failing to make its records available for a payroll compliance audit.

48. Pursuant to the CBA and Trust Agreements, DCF agreed that in the event of any delinquency, DCF would pay, in addition to the delinquent Contributions: (i) interest thereon at the rates established by the Plaintiffs, or at the legal rate, whichever is greater; (ii) liquidated damages thereon in an amount set by the CBA, Trust Agreements or as otherwise provided by law; and (iii) all legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced.

49. It has been necessary for the Plaintiffs to engage the law firms of Christensen James & Martin and The Urban Law Firm to enforce the contractual obligations owed to the

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

Plaintiffs and collect any and all amounts due.

50. Pursuant to the CBA and Trust Agreements, DCF owes the Plaintiffs contributions, benefits, dues and/or withholdings calculated or measured by all hours of covered labor performed by its employees, plus interest at the contractual rate on all unpaid contributions from the dates the sums were originally due to the Plaintiffs to the date of judgment, liquidated damages, reasonable attorney's fees, court costs, and auditing costs incurred by the Plaintiffs as a result of the breaches described herein.

51. Under 29 U.S.C. 1132(g)(2), the Plaintiffs are entitled to collect double the interest in lieu of the liquidated damages total if higher.

52. Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law. The amount of such interest will be established by proof at trial.

SECOND CAUSE OF ACTION
[Violation of ERISA - 29 U.S.C. § 1145 – DCF]

53. The Plaintiffs herein restate and reallege the above allegations as if fully set forth verbatim.

54. By failing to report and pay contributions to the Plaintiffs in accordance with the CBA and Trust Agreements, DCF has violated ERISA [29 U.S.C. § 1145]. In accordance with the terms of the CBA and Trust Agreements, and pursuant to Section 502(g)(2) and 515 of ERISA [29 U.S.C. §§ 1132(g)(2) and 1145], the Plaintiffs are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, audit costs, attorneys' fees, costs incurred in enforcing the terms of the CBA and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

55. The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk the Plaintiffs' ability to provide required employee benefits to their beneficiaries.

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

56. The Plaintiffs' remedies at law are not sufficient to adequately compensate the Plaintiffs or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

57. The Plaintiffs are likely to prevail on the merits of their claims.

58. The Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and other applicable law affirmatively compelling DCF to make its records available to the Plaintiffs for inspection and audit to verify compliance with its obligations under the CBA and Trust Agreements.

59. The Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and other applicable law affirmatively compelling DCF to submit all monthly remittance reports and pay all contribution amounts and related damages to the Plaintiffs in compliance with their obligations under the CBA and Trust Agreements.

60. The Plaintiffs are entitled to all remedies provided by ERISA as and for compensation for the Defendants' violations.

## THIRD CAUSE OF ACTION
[Breach of Written Trust Agreements – Dominic John Ciulla]

61. The Plaintiffs herein restate and reallege the above allegations as if fully set forth verbatim.

62. The CBA incorporates the terms of the Trust Agreements governing the Trusts.

63. The Trust Agreements for Plaintiffs Employee Painters' Trust and District Council No. 5 Apprenticeship and Training Trust Fund each contain an express provision imposing personal liability for unpaid contributions and related damages on the President, Treasurer, or other corporate officer of the employer responsible for payment of contributions for an employer required to make such contributions.

64. At all times material herein, Defendant Dominic John Ciulla, as DCF's corporate

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

officer responsible for making payment of contributions to the Plaintiffs and DCF's agent who signed the CBA binding DCF to the CBA, became personally and individually bound and liable to the Employee Painters' Trust and District Council No. 5 Apprenticeship and Training Trust Fund, pursuant to the express terms of the Trust Agreements governing those Trust Funds, for the contributions and related damages owed to those Trust Funds by DCF.

THIRD CAUSE OF ACTION

[Breach of Fiduciary Duty – Dominic John Ciulla]

65. The Plaintiffs herein restate and reallege the above allegations.

66. Ciulla and one or more of the Doe or Roe Defendants were responsible for tracking employee hours, preparing and processing payroll and remittance reports and making contributions and payments to the Plaintiffs for each hour of covered labor performed.

67. Contributions that are deducted from wages are to be held in constructive trust by an employer. Wage deductions are components of the employees' compensation and do not belong to the employer. Employers have a fiduciary duty to ensure that wage deductions are properly and timely delivered to the Plaintiffs.

68. Ciulla and one or more of the Doe or Roe Defendants made determinations as to how funds deducted from employee wages were to be handled, segregated, distributed and/or paid, including whether the deductions would be properly turned over to the Plaintiffs.

69. Ciulla and one or more of the Doe or Roe Defendants exercised authority and control relating to the management or disposition of the deductions from wages.

70. Ciulla and one or more of the Doe or Roe Defendants is each a fiduciary responsible for safe handling of the wage deductions and delivery to the Plaintiffs.

71. The actions of Ciulla and one or more of the Doe or Roe Defendants in failing to make transmit the wage deductions to the Plaintiffs materially harmed the employees and Plaintiffs, placed the beneficiaries of the Plaintiffs at risk with regard to their benefits and

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

constitute a breach of each individual's fiduciary duties to the Plaintiffs and their beneficiaries.

72. The Plaintiffs are entitled to recover from Ciulla and one or more of the Doe or Roe Defendants a sum equal to all wage deductions, plus accrued interest, liquidated damages, audit costs, attorneys' fees, and costs of suit, in an amount to be established by proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order compelling DCF to deliver or make available to the Plaintiffs all information and documents necessary to permit the Plaintiffs' auditors to perform payroll compliance audits deemed necessary and property by the Plaintiffs;

2. For the Court's Order enjoining DCF from failing to fully cooperate with any audits deemed necessary and proper by the Plaintiffs, and from failing to timely pay to the Plaintiffs delinquent amounts discovered by the audits or as otherwise incurred in the normal course of business;

3. For the Court's Order compelling DCF to deliver to the Plaintiffs monthly remittance reports detailing all covered work performed;

4. For the Court's Order affirmatively compelling DCF to abide by the terms of the CBA, including, but not limited to, submitting and paying accurate monthly contribution remittance reports and contribution amounts to the Plaintiffs on a timely basis;

5. For the Court's Order enjoining DCF from failing to timely pay the Plaintiffs future contribution amounts, as they become due;

6. For unpaid fringe benefit contributions in the amount of $7,921.90, subject to audit, or in amounts to be proven at trial;

7. For damages for breach of contract and violation of ERISA in an amount to be proven at trial;

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*

8. For liquidated damages in amount of $1,117.46, subject to audit, or in amounts to be proven at trial;

9. For accrued interest on all unpaid contributions and damages from their due dates until paid in the amount of $425.35, subject to audit, or in amounts to be proven at trial;

10. For the Plaintiffs' audit costs in an amount to be proven at trial;

11. For Plaintiffs' reasonable attorney's fees for having to bring this action to compel reporting compliance and contribution recovery with associated damages;

12. For the Plaintiffs' costs of suit incurred herein;

13. For relief as alleged against the DCF Bond;

14. For such additional relief as may be provided for by 29 U.S.C. § 1132; and

15. For such additional relief as this Court may deem just and proper.

DATED this 13th day of September, 2019.

CHRISTENSEN JAMES & MARTIN

By: */s/ Wesley J. Smith*
Wesley J. Smith, Esq.
WSBA # 51934
11900 NE 1st St., Suite 300, Building G
Bellevue, WA 98005
P. (425) 462-4045/(702) 255-1718
F. (425) 462-5638/(702) 255-0871
wes@cjmlv.com
*Counsel for Plaintiffs*

COMPLAINT
Case No.

Page 14

CHRISTENSEN JAMES & MARTIN
11900 NE 1st St., Ste 300, Bldg G Bellevue, WA 98005
THE URBAN LAW FIRM
720 N. 10th Street, A #389, Renton, WA 98057
P. (425) 462-4045 / (702) 255-1718
wes@cjmlv.com
smcdonald@theurbanlawfirm.com
*Counsel for the Plaintiffs*