# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST et al., <br><br> Plaintiffs, <br><br> v. <br><br> D. CIULLA FLOORING LLC et al., <br><br> Defendants. | CASE NO. C19-1479 MJP <br><br> ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Dkt. No. 11.) Having reviewed the Motion and all related papers, the Court GRANTS the Motion.

**Background**

This matter concerns a contract (the "CBA") signed by Defendant Dominic John Ciulla, as an agent of Defendant D Ciulla Flooring, LLC ("DCF LLC") and the International Union of Painters and Allied Trades District Council No. 5 and its associated Locals (the "Union"). (Id. ¶ 20.) In December 2018, several DCF employees performed floor covering labor on at least one project covered by the CBA. (Id., ¶ 30.) Plaintiffs allege DCF failed to pay all wages owed to

its employees while taking deductions from its employees' wages for certain Union dues, market recovery and vacation fund fringe benefit contributions and failing to submit these payments to Plaintiffs. (Id. ¶¶ 32-33.) Plaintiffs have made numerous written demands to DCF for submission of the missing reports and contributions but have not received a response. (Id. ¶¶ 35-36.)

On September 13, 2019, Plaintiffs, the Board of Trustees of the Employee Painters' Trust, et al. ("Plaintiffs") filed a Complaint asserting claims for breach of contract under the Employee Retirement Income Security Act ("ERISA") and personal liability pursuant to the ERISA Trusts' governing documents, an agreement between the Union and various employer associations. (Id. ¶ 5.) Plaintiffs allege DCF owes them $7,921.90 in contributions, $1,117.46 in liquidated damages and $425.35 in interest. (Id. ¶ 37.) Plaintiffs also seek $9,139.02 in attorneys' fees and $915.62 in costs. (Dkt. No. 21 at 7, 21.) Further, Plaintiffs seek to audit DCF's records to discover any other delinquencies that may be owed to the Plaintiffs, as permitted under the CBA and Trust Agreements. (Compl. ¶¶ 38-39; Dkt. No. 11, Exs. 2-3.)

On October 24, 2019, the Summons and Complaint were mailed to the address listed with the Washington Department of Labor and Industries' on Defendant's contractor's license as of October 30, 2019. (Dkt. No. 6, Ex. 1, ¶ 7.) Plaintiffs were then granted leave to serve the Defendants by publication and mail. (Dkt. No. 7.) After the Defendants failed to appear, the Court entered an Order of Default on December 4, 2019. (Compl. ¶ 9.)

**Discussion**

Plaintiffs have now moved for default judgment, seeking a $19,486.90 judgment and an order requiring Defendants to submit payroll records for a payroll compliance audit. (Dkt. No. 11.) A court's decision to enter a default judgment is always discretionary. Aldabe v. Aldabe,

616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

Id. at 1471-72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

The Court finds that default judgment is proper in this case. First, taking the allegations in Plaintiffs' Complaint as true, Plaintiffs have sufficiently pled meritorious claims for breach of contract under ERISA and personal liability pursuant to the ERISA Trusts' governing documents. (See Compl.) And there is no evidence to suggest the default was due to excusable neglect, as Defendants have failed to defend this action altogether. (See Dkt.) Finally, as Plaintiffs note, the legal theories and the causes of action found in the Complaint have been successful in prior cases based on similar facts. (Dkt. No. 11 at 17 (citing Employee Painters' Tr. v. Cascade Coatings, No. C12-0101JLR, 2014 WL 526776 at *7 (W.D. Wash. Feb. 10, 2014); Bd. of Trs. of the Sheet Metal Workers Health Care Plan of N. Cal. v. Gervasio Envtl. Sys., No. C03-04858, 2004 WL 1465719, at *2 (N.D. Cal. May 21, 2004)).) The Court also finds that Plaintiffs have submitted sufficient evidence supporting their request for delinquent fringe benefits contributions for the period December 24, 2018 through February 3, 2019 in the

amount of $7,795.75; interest through January 31, 2020 in the amount of $674.92; and liquidated damages in the amount of $961.58. (See Dkt. No. 11, Exs. 3-7.)

Plaintiffs are also entitled to attorneys' fees under the relevant criteria outlined in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70, abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992):

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. Plaintiffs have supported each of these factors in the Declaration of Wesley J. Smith (Dkt. No. 11, Ex. 8 ("Smith Decl.")), ¶¶ 7-18), and the Court finds this evidence persuasive. Additionally, Plaintiffs' have provided a sufficiently precise accounting of their attorneys' fees and costs in the amounts of $9,139.02 and $915.62, respectively. (See Dkt. No. 11, Ex. 8 at 8-28.)

**Conclusion**

The Court therefore ORDERS that Plaintiffs be awarded a Default Judgment against D CIULLA FLOORING LLC, DOMINIC JOHN CIULLA dba D CIULLA FLOORING, and DOMINIC JOHN CIULLA, jointly and severally, as follows:

(1) Default Judgment in the total amount of $19,486.90, consisting of delinquent fringe benefits contributions for the period December 24, 2018 through February 3, 2019 in the amount of $7,795.75; interest through January 31, 2020 in the amount of $674.92; liquidated damages in the amount of $961.58; attorney's fees in the amount of $9,139.02; and costs in the amount of $915.62;

(2) That the delinquent contributions shall accrue interest at the rates fixed by the Trust Agreements until paid;

(3) That the remaining judgment amounts shall accrue interest at the rate fixed under 28 U.S.C. § 1961; and

(4) Defendants shall produce payroll documents sufficient for the Plaintiffs to conduct a payroll compliance audit for the period of December 2018 to current.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 10, 2020.

Marsha J. Pechman
United States District Judge